UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE HAYES and CHANELL HAYES,

        Plaintiffs,

v.

        Case No. 10-11787

        HON. MARIANNE O. BATTANI

WASHINGTON MUTUAL BANK FA,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS/MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's JPMorgan Chase Bank, N.A.'s Motion to Dismiss/Motion for Summary Judgment (Doc. No. 13). The Court has reviewed all the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I.    STATEMENT OF FACTS**

In their complaint, Plaintiffs Eddie and Chanell Hayes allege that they entered into a loan with Defendant Washington Mutual Bank FA on September 18, 2007, to purchase property located at 12994 Nautica Drive, Belleville, Michigan. As additional security for the $346,500 indebtedness, Plaintiffs executed a mortgage. (Doc. No. 13, Ex. A.) They also signed a Truth in Lending Disclosure Statement relating to the loan. (Doc. No. 13, Ex. B.)

In their complaint, which is filed *pro se*, Plaintiffs allege that the "disclosures made in relation to the consumer credit transaction were not presented in the manner required by law." (Compl. p. 2.) Plaintiffs identify the following violations:

(a) Right to rescind or cancel was inside other disclosure statements and went unsigned by both parties;

(b) The interest disclosures were grouped together with other information within the documents;

(c) The two required statements under 15 U.S.C. § 1639(a)(1)(A) and (B) are completely missing; and

(d) Required disclosure statements are completely missing under 15 U.S.C. § 1638(a)(2)(B)(a)(9), (a)(11) and (a)(12).

(Compl. pp. 2-3.)

Plaintiffs identify their action as one for the "recovery of damages." (Id. at 3.) In addition to the violations specified above, Plaintiffs allege:

Defendant failed to disclose the amount of its finance charge in the disclosure statement, using the term "finance charge", as required by Title 12 Code of Federal Regulations, Section 226.7(f).

Defendant failed to disclose in or with the disclosure statement each periodic rate that may be used to compute its finance charge, the range of balances to which such periodic rate is applicable, and the corresponding annual percentage rate.

Defendant failed to computer in or with the disclosure statement the annual percentage rate (or rates) of its finance charge as required by Title 12 Code of Federal Regulations, Section 226.7(g).

Defendant failed to disclose in or with the periodic statement the amount of the balance to which the periodic rate was applied and an explanation of how that balance was determined and further failed to disclose the fact that the balance is determined without first deducting all credits and payments made after acceleration and the amount of such credits and payments as required by Title 12 Code of Federal Regulations, Section 226.7(e).

> Defendant failed to disclose in or with the acceleration statement the amounts, itemized and identified by type, of charges other than finance charges debited to the account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.7(h).
>
> Defendant failed to disclose the date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges as required by Title 12 Code of Federal Regulations, Section 226.7(j).

(Compl. pp. 3-4.)

JPMorgan Chase Bank, N.A. (Chase) acquired certain assets and liabilities of Washington Mutual Bank for the Federal Deposit Insurance Corporation acting as receiver. See Doc. Nos. 5-7. Chase moves for dismissal or summary judgment of this action.

## II.     STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6).

"Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Id. at 555-56 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)).  "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).  However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

### III.   ANALYSIS

In their Complaint, Plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., which requires specific disclosures in closed-end lending transactions, including residential mortgage loans. See 15 U.S.C. §§ 1638-1639. Plaintiffs also allege violations of the regulations promulgated by the Federal Reserve Board to implement TILA. See 15 U.S.C. § 1604(a).  Regulation Z, 12 C.F.R. § 226.1 sets forth detailed disclosure requirements, and subpart C, 12 C.F.R. § § 226.17-.24, addresses closed-end transactions in particular.

When a creditor fails to comply with TILA and Regulation Z disclosure requirements it may be subject to liability in a private action. 15 U.S.C. § 1640(a). Nevertheless, a plaintiff that brings an action under this provision must do so "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Under Wachtel v. West, 476 F.2d 1062, 1065 (6th Cir. 1973), the violation occurs "when the lender and borrower contract for the extension of credit."

In this case, the record shows that although Plaintiffs received their loan on September 18, 2007, and their Truth in Lending Disclosure Statement, which they signed it on September 19, 2007, (Doc. No. 13, Ex. B), they waited over two years to file this law suit. Specifically, their suit was filed on May 3, 2010. (Doc. No. 1.) These dates demonstrate that any violations for failure to make disclosures in connection with this loan are barred by the one-year statute of limitations. Accord Lancaster v. Countrywide Home Loans, Inc., No. 09-12198, 2009 WL 2584736, 5 (E.D. Mich. Aug.19, 2009) (Cleland, J.) (concluding that statutory damages under TILA were barred where "[p]laintiff obtained her Loan in May of 2006 and did not file the instant lawsuit until April 2009"); Keith v. Countrywide Home Loans, Inc., No. 08-13398, 2009 WL 1324904, *2 (E.D. Mich. May 12, 2009) (Friedman, J .) (granting summary judgment to defendant because the plaintiffs' "mortgage originated on May 27, 2004[,] but they did not bring this action until August 5, 2008, well after the statute of limitations for bringing a TILA claim had expired.").

In sum, TILA provides for the assessment of civil penalty damages against creditors for noncompliance with the Act. Nevertheless, an action to recover such damages must be brought within one year from the date of the violation. 15 U.S.C. §

1640(a) and (c). Because Plaintiffs did not file their lawsuit until more than one year following the consummation of their transaction, no penalty damages lie under the Act.

## IV.   CONCLUSION

Accordingly, Defendant's Motion to Dismiss/Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

DATED: February 24, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiffs and counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt<br>
Case Manager